```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG and         :
THAN HOANG
_____  :
MINH VU HOANG
     Appellant                   :

     v.                          :   Civil Action No. DKC 11-2641

UHY ADVISORS FLVS, INC.          :
     Appellee
_____  :
MINH VU HOANG
     Appellant                   :

     v.                          :   Civil Action No. DKC 11-2642

GARY ROSEN, et al.               :
     Appellees
_____  :
MINH VU HOANG
     Appellant                   :

     v.                          :   Civil Action No. DKC 11-2653

MARION A. HECHT, et al.          :
     Appellees
_____  :
MINH VU HOANG
     Appellant                   :

     v.                          :   Civil Action No. DKC 11-2654

GARY ROSEN, et al.               :
     Appellees
_____  :
```

**MEMORANDUM OPINION AND ORDER**

On May 10, 2005, Appellant Minh Vu Hoang filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of

Maryland. The case was subsequently converted to Chapter 7 and Gary A. Rosen was appointed as the Chapter 7 Trustee. Thereafter, the Trustee commenced numerous adversary proceedings to recover property of the estate that Appellant had attempted to conceal through various business entities with which she was associated. She failed to report these entities on her bankruptcy schedules and her statement of financial affairs, and she was criminally indicted on charges related to bankruptcy and tax fraud. On October 13, 2010, Appellant pleaded guilty to conspiracy to defraud an agency of the United States, in violation of 18 U.S.C. § 371. She was sentenced to a term of imprisonment of sixty months, which she is presently serving.

Meanwhile, Appellant's bankruptcy case, and the sixty-plus adversary proceedings arising therefrom, continued to progress. From approximately 2006 to 2010, Appellant did not participate in the administration of her bankruptcy estate, but beginning in or around April 2010, she began making "numerous and often repetitive filings." (Bankr. Case No. 05-21078-TJC, ECF No. 1371, memorandum of decision, at 2). In an opinion denying several of those motions, the bankruptcy court summarized the substantial labor and expense involved in "unravel[ling] the vast and tangled web of fictitious and fraudulent activities by [Appellant]"; found there was no chance of her receiving a distribution from the estate; and questioned whether, under

2

those circumstances, she even had standing to challenge administration matters. (*Id*. at 10). In light of the fact that Appellant had waived discharge, the court ultimately determined that the "bankruptcy actions could have an effect on the amount of the nondischarged claims that [she] remains obligated to pay once the automatic stay is terminated." (*Id*. at 13). Nevertheless, it issued a warning:

> The [Appellant] is advised, however, that the equities of the case weigh very heavily against her. In many of her filings, she challenges the time and costs of the Trustee's administration. While the Court itself has addressed the costs of this case with the Trustee on a number of occasions, it does not sit well for the [Appellant] to make this complaint. Both the time and cost of the case are directly attributable to the size and scope of her fraudulent activities. The [Appellant] has taken no action to assist the Trustee in his efforts to uncover estate properties and for four years she has raised no objection while the Trustee has administered the case. Now, incarcerated for actions directly related to this case, the [Appellant] apparently has substantial amounts of time on her hands and has taken to making numerous repetitive and often frivolous filings. . . . But neither the Trustee nor the Court shall serve as the [Appellant's] muse. The [Appellant] is forewarned: While the Court will not deny standing to the [Appellant] at this time, frivolous and multiple filings by the [Appellant] may result in the Court barring any further filings by her.

(*Id.*).

When Appellant failed to heed this warning, filing approximately fifty-three *pro se* motions over the next six months, the Trustee commenced the adversary proceeding from which these four appeals arise.  In his amended complaint, the Trustee sought an order enjoining Appellant from filing any motions in the main bankruptcy case, in any related adversary proceedings, and in any other state or federal court for issues related to the property of the bankruptcy estates, the Trustee, or any professionals retained by the estate.  Appellant answered the complaint and additionally filed a third party complaint and counterclaim against various parties, including the Trustee, his counsel, and the forensic accountants appointed in the bankruptcy case.  The Trustee moved to dismiss the third party complaint and counterclaim due, *inter alia*, to improper service. When Appellant failed to oppose the motion to dismiss, the motion was granted, albeit without prejudice.  The Trustee then moved for reconsideration, urging that the dismissal should have been with prejudice.  Appellant again failed to respond, and the bankruptcy court granted the Trustee's motion for reconsideration, dismissing Appellant's third party complaint and counterclaim with prejudice, but only as to the Trustee and his counsel.

At around the same time, Appellant filed an amended third party complaint against UHY Advisors FLVS, Inc. ("UHY

Advisors"), a forensic accountant appointed by the bankruptcy court; Goodman Solutions-Forensic Litigation & Valuation, LLC ("Goodman Solutions"), the successor to UHY Advisors FLVS, Inc.; Goodman & Company, LLP ("Goodman Co."), an accounting firm appointed by the court and the parent company of Goodman Solutions (together, "the Goodman entities"); Marion A. Hecht, f/k/a Marion Hecht Clay ("Hecht"), a principal of UHY Advisors; Jeffrey K. Bernstein ("Bernstein"), a partner at Goodman Co.; Roger Schlossberg ("Schlossberg"), counsel for the Trustee; and the Trustee himself. Appellant also filed an amended counterclaim against the Trustee and Schlossberg. In these papers, Appellant sought, as to the Goodman entities, a declaratory judgment that they are not legal entities and were not previously approved to be forensic accountants for the estate, as required under 11 U.S.C. § 327. As to Hecht, Bernstein, Schlossberg, and the Trustee, she sought a declaratory judgment that they made false statements about the employment of the Goodman entities and their compensation, in violation of 11 U.S.C. §§ 327 and 330. As to the Trustee and Schlossberg, she sought forfeiture and damages associated with their failure to file interim fee applications in a timely manner and because their invoices were inconsistent, contained irregularities, and included activities that were either not necessary or beneficial to the administration of the estate, in

5

violation of 11 U.S.C. §§ 327 and 330.  Appellant additionally requested that the bankruptcy court appoint an independent forensic evaluator to examine all invoices submitted by the professionals, and that any fees determined to be duplicative or unnecessary be disgorged.  Finally, she requested a declaratory judgment that Appellant had standing as a party in interest to review, examine, and object to all interim applications for compensation submitted by the Trustee and/or Schlossberg.

All of the third party defendants and counterclaimants (collectively, "Appellees") moved to dismiss.  Appellant responded to each of these motions and participated by telephone in a hearing on August 9, 2011.  At the conclusion of that hearing, the bankruptcy court dismissed Appellant's amended third party complaint and counterclaim.  The court later characterized Appellant's claims as falling within three categories:

> The first category is referred to here as the "Improper Fee Claims" in which [Appellant] seeks a determination that professional fees in the case are excessive, redundant and the like, and seeks an order disgorging fees.  The Court dismissed the Improper Fee Claims in the Amended Third Party Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) because the appropriate time to decide whether fees assessed are necessary or beneficial to the bankruptcy estate is at a hearing on the final fee applications.  At that time the Court can consider the complete work of the professionals, its

6

benefit to the estate, and the other matters identified in 11 U.S.C. § 330. The Court explained that since there will be a final fee application hearing that will adjudicate all issues regarding the invoices of the forensic accountants, all of the allegations raised by [Appellant] should be raised at that time. In other words, the allegations were premature and therefore did not state a ripe claim for relief, nor were they brought in the proper procedural proceeding.

The second category of issues is referred to here as the "Improper Retention Issues" in which [Appellant] raises challenges to the employment of the forensic accountants, including issues of whether their employment was approved by the Court or whether they are legitimate businesses. The Court dismissed the Improper Retention Issues because [Appellant] raised all of these allegations in the main bankruptcy case separate and apart from this adversary proceeding. *See* Docket Nos. 1591, 1592, 1602, 1604, 1606, 1625, 1627, and 1649, Case No. 05-21078-TJC. Those matters were addressed by the Court at a hearing on May 2, 2011. And as explained further below, these same claims have been the subject of post-hearing filings by these parties in contested matters in the bankruptcy case, have been resolved by the Court, and are the subject of a separate appeal by [Appellant]. Because the Improper Retention Issues in the adversary proceeding were redundant of the very same claims raised by [Appellant] in the main bankruptcy case, and the Improper Retention Issues as raised in the main bankruptcy case were further along than in this adversary proceeding, the Court dismissed these claims in the adversary proceeding.

The third category of issues is referred to herein as the ["]Trustee Negligence Issues," in which [Appellant] contends that the Trustee and Schlossberg

7

> engaged in willful misconduct, and breached their fiduciary duties to the estate. The Court upheld its previous order dismissing the third party complaint and counterclaim *with* prejudice. The Court ruled that it provided [Appellant] with ample time to respond to the motion to dismiss and the reconsideration motion. The Trustee filed his original motion to dismiss the complaint on March 21, 2011. Docket No. 13. He filed his reconsideration motion on May 19, 2011. Docket No. 46. Thus, [Appellant] failed to file any response to the motions for two full months. Moreover, the Court found that the motion did not provide any grounds for amending its order under Fed. R. Civ. P. 59 or 60, applicable in bankruptcy by Federal Rules of Bankruptcy Procedure 9023 or 9024.

(ECF No. 17, at 5-6). By four separate orders entered August 10, 2011, the bankruptcy court dismissed the third party complaint against UHY Advisors; dismissed the counterclaim and third party complaint against Rosen and Schlossberg; dismissed the third party complaint against Bernstein, the Goodman entities, and Hecht; and denied Appellant's second motion for reconsideration of the order granting the motion for reconsideration filed by the Trustee and Schlossberg.

On August 18 and 19, 2011, Appellant filed in the adversary proceeding a separate notice of appeal with respect to each order and, on September 8, moved for leave to proceed on appeal *in forma pauperis*, attaching a declaration in support and a certified copy of her Federal Bureau of Prisons trust fund account. The notices of appeal were transmitted to this court

on September 15 and 16.  On December 1, the bankruptcy court issued a certification under 11 U.S.C. § 1915 that the appeals were not taken in good faith.  The bankruptcy court attached to the certification Appellant's motion for leave to proceed *in forma pauperis* and Appellees' opposition thereto.  On the same date, Appellant's motion to proceed on appeal *in forma pauperis* was docketed, along with the bankruptcy court's certification and Appellees' opposition papers, in the four above-captioned appeals.  (Civ. No. DKC 11-2641, ECF No. 17-1; Civ No. DKC 11-2642, ECF No. 11-1; Civ. No. DKC 11-2653, ECF No. 16-1; Civ. No. DKC 11-2654, ECF No. 10-1).  Those motions are presently pending.

Subject to certain limitations, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  There appears to be some disagreement as to whether a bankruptcy court is considered a "court of the United States" for purposes of this section.  *See In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992) (answering in the negative); *In re Richmond*, 247 Fed.Appx. 831, 833 (7th Cir. 2007) (expressly not deciding).

A number of courts have found that bankruptcy courts may nevertheless play an important role in the determination of a motion for leave to appeal *in forma pauperis*. This is so because "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see In re Heinze*, 455 B.R. 452, 454 (Bankr.M.D.N.C. July 29, 2011) (certifying that appeal was frivolous and, therefore, not taken in good faith); *In re Price*, 410 B.R. 51, 58 (Bankr.E.D.Cal. 2009) (finding bankruptcy court may be a "trial court" for purposes of this provision); *Hobby v. Beneficial Mortgage Co. of Va., Inc.*, Civil Action No. 2:05cv110, 2005 WL 5409003, at *3 (E.D.Va. June 3, 2005) ("The bankruptcy court should review any . . . in forma pauperis filing to determine if it is in good faith.") (internal marks and citation omitted). At least one court has suggested that a certification that an appeal is not taken in good faith precludes not just the granting of *in forma pauperis* relief, but also consideration of the underlying frivolous appeal. *See In re Perry*, 223 B.R. 167, 169 (Bankr.8th Cir. 1998) ("a request for leave to proceed *in forma pauperis* must first be made to the trial court and an appeal may not be taken if the trial court certifies in writing that the appeal is not taken in good faith"). Other courts have recognized that, pursuant to § 1915(e)(2)(B)(i), a frivolous appeal filed by an *in forma*

10

*pauperis* litigant is subject to summary dismissal. *See In re Asheru*, Civil Action No. 3:09-CV-0978-G, 2009 WL 3097719, at *1 (N.D.Tex. Sept. 25, 2009) (denying *in forma pauperis* petition based on § 1915(a)(3) *and* dismissing appeal as frivolous pursuant to § 1915(e)(2)); *In re Evans*, No. 3:06cv547/MCR/EMT, 2007 WL 1430264, at *2 (N.D.Fla. May 9, 2007) (report and recommendation of magistrate judge, after bankruptcy court's certification that appeal was not taken in good faith, that *in forma pauperis* relief be granted for the limited purpose of dismissing under § 1915(e)(2)), 2007 WL 2020166, at *1 (N.D.Fla. July 9, 2007) (district court adopting report and recommendation, dismissing appeal as frivolous).

Here, the court is satisfied – based on the declaration attached to Appellant's motion and the fact that she is presently incarcerated and in bankruptcy – that Appellant is impecunious. Furthermore, based on a review of the record in these cases, including the motion papers and orders from which Appellant seeks to appeal, the court agrees with the bankruptcy court's determination that the appeals are frivolous for the reasons stated in the certification. Under the circumstances of these cases, the most prudent course is to grant *in forma pauperis* relief and dismiss the appeals as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, it is this 12th day of December, 2011, by the United States District Court for the District of Maryland, ORDERED that:

1. Appellant's motions to proceed on appeal *in forma pauperis* (Civ. No. DKC 11-2641, ECF No. 17-1; Civ No. DKC 11-2642, ECF No. 11-1; Civ. No. DKC 11-2653, ECF No. 16-1; Civ. No. DKC 11-2654, ECF No. 10-1) BE, and the same hereby ARE, GRANTED;

2. Because the appeals in these cases and the appeal in Civ. No. DKC 11-3431 are frivolous, they are hereby DISMISSED *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3. The pending motions in each of these cases BE, and the same hereby ARE, DENIED as moot; and

4. The clerk is directed to transmit copies of this Memorandum Opinion and Order directly to Appellant and to counsel for Appellees and CLOSE these cases.

                                _____/s/_____
                                DEBORAH K. CHASANOW
                                United States District Judge