

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

CIVIL ACTION NO. DKC 11- 2641

MINH VU HOANG
          APPELLANT
               V.
UHY ADVISORS FLVS , Inc.
          APPELLEE

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
ORDER GRANTING MOTION TO DISMISS THIRD PARTY
COMPLAINT BY UHY ADVISORS FLVS, Inc.

BRIEF OF APPELLANT MINH VU HOANG

## INFORMAL BRIEF OF APPELLANT

Civil Case No. DKC 11-cv-2641

Appeal From The Bankruptcy Court Order Granting Motion TO Dismiss Third Party Complaint By UHY Advisors FLVS, Inc.

1. Have you ever had another case in this court? - Yes - No If so, state the name and number of each case. I have four cases , all pending in this court, all arising from bankr-
~~uptcy case no. 0521078~~-YJC, at Greenbelt Division. I further filed motion to consolidate.
DKC 11-3431
DKC 11-2653
DKC 11-2654
DKC 11-2642

2. Did the trial court incorrectly decide or fail to take into account any facts? - Yes - No If so, what facts?

Yes, the bankruptcy court incorrectly decided and failed to take into accounts ~~11 USC § 1109(a)~~ Debtor With Standing. Complaint was properly served 12(b)(5) ~~Fed.R. Civ.P12(b)(6)~~--Court needs not accept legal conclusions draw from facts. ~~-- Court sjould disregard~~ any unwarranted inferences, unreasonable conclusion/ ~~arguments--It appears~~ beyond dout that Hoang can prove facts in support heclaim-- ~~Court should not dismiss~~ Hoang's claim since a successful defense did not appear clearly on the face of the pleadings.                    affirmative

3. Did the trial court apply the wrong law? - Yes - No If so, what law should be applied?
~~Court should have considered~~ : 11 USC §323(a), 11 USC §1109(a)
~~Cannon 3(B)(3) and~~ (4), A(4)
Maryland Bankr. Rules, Appendix D
~~11 USC §§327,328,330~~,331. Bankruptcy Rule 2016(a)
~~28 USC 586(a)(A),~~ Appendix A to Part 58.

4. Did the trial court fail to consider important grounds for relief? - Yes - No If so, what grounds?
Yes, the bankruptcy court failed to consider important grounds for relief
~~a-A prose complaint~~ should be held to less strict standard, Supreme Court.
~~b- Court repeatly~~ denied Debtor's assistance of counsel ,disregar the benefit of Estate.
~~c-It appeared beyound~~ doubt that Hoang can prove facts in support her claims.
~~d-Appellees have bur~~den of proff of establishing beyond doubt that Hoang can prove no
e- Major insufficiency of Public Records of Compensation, pursuant to Rule2013    facts
f-Reliable evidences(Court Dockets) indicating unprofessional conducts.

5. Are there other reasons why the trial court's decision was wrong? - Yes - No If so, what reasons?
*Bankruptcy Codes were subverted and invoked by lawyers for "mere tactical advantage on proceedings".           *Court and US trustee hand-off
*Potential Conflict of Interest.             doctrine.

1

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

_____
_____
_____
_____
_____

6. What action do you want the court to take in this case?

~~Vacate~~ Order ~~Granting~~ Motion To Dismiss Third Party Complaint by ~~UHY Advisors FLVS, Inc.~~

_____
_____

7. Do you want to argue before the court in person? - Yes - No If yes, what are the reasons why argument will aid the court? (Refer to paragraph 15 of the Guide.)

~~Yes, I do. However,~~ it will only be possible with Court's order. ~~It has been demonstra~~ting in my case that a prose prisoner who attended court hearings opposing with at least 3 to 4 well trained , skillful and resourcefull attorneys, by telephone ,is severely handicapped and prejudice to this Defendant/Appellant.

8. Do you intend to represent yourself? - Yes - No If you have not filed an Entry of Appearance, indicate your full name, address, and telephone number.

~~I desperately need~~ asssitance of counsel. I have filed motion requesting counsel to this court. If the court will deny my motion, I will have no choice but continuing to represent myself. The court's procedures are complicated. ~~In the past,~~ most of my motion, complaint were ignored and subjected to biased and unjust treatment.

9. I certify that a copy of this brief and any attachments was sent to: all parties listed on the ~~the certificate of~~ the attorney for appellee, at the following address: _____ services.
(Address is found on the Entry of Appearance served on you by the attorney for the appellee. If you do not send a copy of this brief to the appellee, the court will not file the brief.)

12/11/2011
Date

[signature]
Appellant's signature

Minh Vu Hoang, Appellant
Federal ID 50101-037
FCC Coleman Camp, P.O. Box 1027, F-2
Coleman Fl 33521
Telephone : c/o General Manager at (352) 689-5000

2

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## PERTINENT FACTS

1. On May 10, 2005, the Debtor /Appellant Minh Vu Hoang(Hoang) filed Chapter 11 in case no. 05-21078.

2. On September 17,2006, Gary A. Rosen was appointed Chapter 11 trustee, then Chapter 7 trustee when chapter 11 case was converted to chapter 7.

3. On January 17,2006,Gary A. Rosen , Trustee(Rosen) filed an application to employ Marion Clay aka Marion Hecht and UHY Advisors, FLVS as estate forensic accountants. Hecht and UHY applied, were approved by court and have received payments totally $5,498,298.00 until 2/28/2009.

4. Hoang received two for UHY four Notice for Applications ,but never received the four applications nor copies of invoices.

5. Rosen's application for Hecht and UHY , docket 381, included a Letter of Agreement which has been the heart and major disputes of Hecht's condition of her employment for the Estate, Docket 381.

5. The Court granted forensic accountant employment application on 2/6/2006 . Docket 409.

Between 2/28/2009 to date, Hecht has been continued providing forensic accounting services involving fourteen (14) entities. At least three among these 14 did not exist.

6. Hoang was incarcerated , pre-trial on October 13. 2010, criminal case no. DKC 0017200. On October 13, 2010 Hoang was sentenced to Alderson Federal Prison Camp.

After her sentencing hearing, Hoang started looking into the financial condition of the Hoang Estate, with the hope that the Chapter 7 trustee has liquidate assets, filed and paid her tax lien.

While reviewing thousand of pages of 15 Applications for interim compensation,fees and costs of two estate attorneys and professionals, Hoang has discovered many irregularitesfrom the Applications, Invoices and Court's public record.

7. Hoang started asking for records and services for all documents filed by trustee, U.S. Trustee, and trustee's professionals. Hoang has gotten documents filed with the Clerk, but not the reports or documents that trustee  did not have to file with court.

8. In July, 2010, the Bankruptcy Court ruled that Debtors are Debtors

Page 1

With Standing.

10.   On January 3, 2011, Rosen initiated adversary no. 11-00001. A Complaint for issuance of Pre-Filing Injunction and for Related Relief, asking the Bankruptcy Court to " prohibiting the Debtor from making any filing (1) in the bankruptcy proceeding or any related adversary proceeding or contested matter;(2) in any state or federal court against the trustee or professional retained by the estate, and (3) in any state or federal court related to any property of the estate". Mr. Gary Rosen further wanted to prohibit not just this Debtor, but her relatives and anyone to "speak up" on her behalf or their behalf, if it has anything to do with his administration.

10.   On 2/4/2011 Hoang filed her Answer. On 2/16/2011, for her defense she filed First Third Party Complaint, Docket no. 4 of Adversary case No. 11-00001.

11.   On 4/12/2011, the Bankruptcy Court dismissed Hoang's First Third Party , Docket 21 . The Order siad" The Court dismissed the Third Party Complaint as to UHY, Marion Hecht, Goodman& Co. LLP, , Goodman Solutions LLC and the US Trustee for failure to properly serve.

The Bankruptcy Court refused to considerHoang's Motion for Leave to Amend Caption and Re-issuance of Summons, Docket 19.

The dismissal is without prejudice to the Debtor refilling and properly servingthe complaint and summons.

12.   The prison's condition is extremely limited to any preparing and filing documents of prisoner-litigant. On May 10, 2011, Hoang filed her Second Third Party Complaint.

13.   On 6/2/2011UHY Advisors FLVS filed Motion to Dismiss, Docket 64.

14.   On 8/10/2011, the court entered an order to dismiss with prejudice.

15.   On 8/15/2011, Moang filed her Notice of Appeal.

**RULE OF LAW THAT SETS OUT THE STANDARD FOR THE APPELLANT'S APPEAL FROM ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT.**

A.   The Complaint should not be dismissed because the Debtor has properly served UHY:

1) For incarcerated litigants, mailing is complete when the envelop is deposoted in the prison mail system. Pursuant to BR 9004(e), service of

process is complete on mailing. FRAP Rule 4(c)(2) and by extension of Fed. R. App.Proc 25(a)(2) (C).

2) The Appellees claimed 12(b)(5) that the Rule "do not permit Debtor to serve... to their counsel". Indeed ,Alan M. Grochal, their counsel when entered his appearance , Docket 14 , has misled and falsely represented to Debotr that all documents were to be "served" on him.

Alan Grochal , is indeed an agent authorized by law to accept service of process.

**Comm'r v. Bankrs, 543U.S. 426,436(2004)**

Despite of UHY 's glib conclusion that Debtor "has yet again failed to adhere to the Bankruptcy Code of Procedure , and as such , the Second Third Party Complaint must be dismissed for insufficient service of process" erroneous identification of the capacity in which)party) was served is nothing more than a "hypertechnical defect" that does not invalidate service.

**Mansfield v. Pierce, 1998 U.S. App.LEXIS 17086(4th Cir.Jan.26,1998).**

B.     The Second Third Party Complaint should Not Be dismissed Because The Debtor Is Debtor With Standing:

1)    The Bankruptcy Court has concluded" Here, however, the Debtor has waived her discharge.Docket Nos. 487 and 488. Case authority supports the principle that Willermain does not apply where a debtor is denied a discharge...". Accordingly , Debtor has standing to sue and be sued on behalf of the Estate. When applied 11 U.S.C. 1109(a) , Debtor with Standing " may raise and may appear and be heard on any issue in a case under this chapter"

2)     Furthermore, the court applied 11 U.S.C.§323 to establish the Trustee's sole authority to sue or be sued on behalf of the estate. It is incorrect , the statute confers the capacity to sue in the use of the permissive "may". In its interpretation of 11 U.S.C.§323, the D.C. Circuit COurt stated the Trustee has"sole authority to sue and to be sued " on behlaf of the bankru- ptcy estate. Having the capacity to sue or be sued does not, in and of itself, confer sole authority to sue or to be sued on the Trustee. Were it otherwise , that the Trustee is the only one who can be sued in any proceeding under Title 11, then the rules governing adversary proceedings, BR 7001 et seq., would be in direct conflict with and controvert the statute.

UHY et al's attempt to scuttle the Complaint pursuant to 11 U.S.C.§323 should not be allowed to sustain the Motion to Dismiss.

**Moses v. Howard Univ.Hospital.,606 F.3d 789,793(D.C.Cir.2010)**

3) The Court erred when sided with UHY when considering Hoang's Compla-int is an ancilliary proceeding. In re **Richman,104 F.3d at 657** and that court's warning" that relaxation of that rule would allow for duplication and protracted litigation". In fact, Hoang Complaint is made in response to Trustee's adversary complaint for pre-filing injunction. Hoang's claim against UHY et al are brought pursuant to FRCP 14(a)(1), adopted by BR 7014, that states,

> "A defending party may, as third party plaintiff serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claims against it".

C. The Complaint should Not Be Dismissed Because Hoang, under Rule 12(b)(6) appears beyond doubt that she can prove set of facts in support of her claim which would entitle her to relief. In ruling on Motion to Dismiss, the court may not look beyond the face of the pleadings.

Hoang, in her Complaint pleaded not mere conclusory allegations, but plead specific facts, and with every doubt resolves in the palintiff's favor. The Bankruptcy COurt failed to consider important ground for relief:

a) **In Cruz v. Beto, 405 U.S.319,322(1972),** the Supreme COurt has quoted that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the palintiff can prove no set of facts in support of his claim which would entitled him to relief"

b) Hoang wishes to remind the court that in **Conley v. Gibson,355 U.S. 41,45-46(1957),** the Supreme Court said that in considering a motion to dismiss a prose complaint should be held to less strict standards than a motion dr-afted by a lawyer. In this case, the Bankruptcy COurt took opposite actions. The court not only dismissed this Debtor First Third PArty Complaint for technical mistakes, further refusing to allow the Court Clerk to issue new summons. The Debtor's case got dismissed when she missed the service deadline, yet, the opponent was alloed to file such late and confusing Amended Complaint against this Debtor in a very late stage of the lawsuit withoutany good cause.

c- Standard of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure:

1) The Court should not grant Motion under rule 12(b)(6) becuase it was not certain that the plaintiff cannot prove any set of facts in support of her claims that entitles her to relief, the court obligated to accept Hoang's well-pleaded allega tions in her complaint as true.

**Edwards v. City of Goldboro, 178 F.3d 231,244(4th Cir.1999)**

**Walker v. Kelly, 589 F.3d 127,139(4th Cir.2009)**

The court further" need not accept the legal conclusions [ the plaintiff would draw ] from the facts

**Giarratano v. Johnson, 521 F3d 298, 302(4th Cir.2000)**

The court should also disregard any"unwarranted inferences, unreasonable conclusion , or arguments." **Id**

2)In this case, the court can not be certain that the plaintiff is not en-titled to relief under any legal theory that plausibly could be suggested by the facts alleged

**Mylan Labs.,Inc, v. Matkari, 7F.3d 1130,1134(4thCir 1993)**

**In this case** Hoang alleged "enough facts to state claim to relief that is plausible on its face"

Finally, the Bankruptcy COurt did not consider that " Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if sets out facts sufficient for the court to infer that all the required elements of the cause of action are present". In this case the court did not have to look for any other facts---they are in the court dockets and court financial public filings from the Chapter 7 and the U.S. Trustee.

3) Finally, one can say that when the Bankruptcy COurt applied Rule 12(b)(6) the court did not use the relevant standard.Hoang just not only prese-sented conclusiory statments, she presented to the courts pages and pages of factuals allegations in support her claim.

__ Court need only accept as true the complaint's factual allegations, not its legal conclusions.

**ashcroft v. Iqbal, 129 S. Ct.1937,1949,173 L Ed.868(2009), also**

**Bass v. Dupont, 324 F. 3d 761,765(4th Cir.2003)**

This Debtor definitely , not only"is charged with pleading facts suffici-ent to prove her case, as an evidentiary matter, in her complaint, Hoang met the requirement to allege facts that support a claim for relief"

Page 5

IV.    The Court should not have dismissed Hoang's Complaint under Federal Rule of Procedure 12(b)(6) ,"because Debtor is attempting to collateral ly attack interim fee applications that the COurt approved by interim orders":

The Appellees fail to invoke any authority for seeking dismissal of the Complaint based on its summary legal conclusion that previously approved interim fee applications are not subject to attac k under an adversary proceeding. This issue is not within the preview of the COurt's discretion when considering a motion to dismiss.

Appellees alledged" The Debtor was provided notice of each of the int erim applications and had the opportunity to object and be heard on her objections" The fact was that the trustee violated  11 U.S.C.§331 , Hoang had received only two of four UHY notices of filing of applications for interim compen -sation ,but not the Applications and invoices. Hoang did not received any of two lawyers for estates, Gary A. Rosen and Roger Schlossberg until after June , 2010 . It was contrary to Appellees when applied 11 USC§ 331. They were the ones that violated 11USC§331.

Code  11USC§330(a) will allow Debtor to claim"any grievance with final fee application,she should do so by way of objection after final fee application ...,not by a premature adversary proceeding". However, it is justified that invoking 11USC§1109(a) , this Debtor with standing ,while not the general status of Chapter 7 bankrupt, has in terest in the administration of the estate when seeing that the administration is not working for the estate:

1) Recevery is only about 5%, while expenses is about 95%.

2) Forensic accountant who were paid by trustee ,to date more than six millions aappeared to be conflicted,mispresentations,multi-entities(15) some with no identities that could be traced .

3) The court and US trustees continued to condone their parctices for the last six years.

The Bankruptcy Court while dismissed Hoang's THird Party Claim must accept as tru the well pleaded factual allegations and any reasonable inferences to be drawn from them. It appeared beyond doubt that Hoang can prove set of facts in support her claimwhich enttile her to relief. In ruling Motion to Dismiss, the Bankruptcy Court failed to nook beyond the face of the pleadings. Finally the Bankruptcy COurt should not dismiiss Hoang's claims

since it can not be certain if a successful affirmative defense appears clearly on the face of the pleadings.

The ultimate question in this case , in Fed. R.Civ.P.12(b)(6) is that if Hoang's Third Party Complaint states valid cause of action -- the Appellant's belief is that :

> Her Complaint when viewed in the light most favorable to the Third Party Complaint Plaintiff and with every doubt resolved in her favor, since she pleaded specific facts ,and not merely conclusory allegations.

It would only be adjudicated if the Bankruptcy Court would:

1) "Accord to every person who is legally interested in a proceeding, full right to be heard according to law"

2) Treat Appellant with no "bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding".

The court must look beyond Minh Vu Hoang's conviction for :

    a) Tax Fraud of 4.2 millions when indicted and investigated for 7.5 to 50 Millions.

    b) An unkwnon number of tax loss since the Chapter 7 Trustee never presented a number.

    c) An anxiety and frustation of a convicted taxpayer seeing that 95% of her asset went to pay professionals fees and cost while the government taxes have not received "a dime".

Date 12/11/2011

                                      Respectfully submitted

                                      By: Minh Vu Hoang
                                      Federal ID 50101-037
                                      FCC Coleman Camp, Unit F-2
                                      Coleman Fl 33521

                          Certificate of Services is attached

CERTIFICATE OF SERVICES

I, Minh Vu Hoang , certify that I mailed my brief to the parties listed below, US mail, postage prepaid, by put them into the repository of the Coleman Camp , on 12/11/2011:

U.S. Trustee
6305 Ivy Lane #600
Greenbelt MD 20770

Gary A. Rosen
1 Church St #802
Rockville MD 20850

Alan Grochal
100 E. Pratt St 26th floor
Baltimore MD  21202

Roger SChlossberg
134 W. Washington St
Hagerstown MD 21741

Date :12/11/2011                             By: Minh Vu Hoang